44 (Rev. 06/17)

# CIVIL COVER SHEET

17-cv-5648

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| son, Annmarie | Boston Market Corporation |

| (b) County of Residence of First Listed Plaintiff  Philadelphia | County of Residence of First Listed Defendant  Golden, CO |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Simon & Simon, P.C., Marc I. Simon, Esquire | Naulty, Scaricamazza & McDevitt, LLC; Joseph A. Breymeier, Esquire |
| 1515 Market Street, 16th Floor, Philadelphia, PA 19102 | 1617 JFK Blvd. Suite 750, Philadelphia, PA 19103 |
| 215-400-2251 | 215-568-5116 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

☐ 2 U.S. Government Defendant

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Plaintiff allegedly sustained injuries as a result of an alleged slip/fall at Boston Market Restaurant

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                    DOCKET NUMBER

DATE  12/18/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



DEC 18 2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

ANNMARIE WATSON    :
          :  CIVIL ACTION
          :
    v.      :
          :  **17 5648**
          :
BOSTON MARKET CORPORATION :  NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 USC. §2241 through §2255.    ( )

(b) Social Security  – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this. form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( x )

December 18, 2017        JOSEPH A. BREYMEIER, ESQUIRE

 (Date)          Attorney-at-Law

               Attorney for Defendant,
               Boston Market Corporation

(Civ. 660)

**DEC 18 2017**

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 19 Leighton Terrace, Upper Darby, PA 19082

Address of Defendant: Boston Market Corporation - 14103 Denver West Parkway - Golden, CO 80401

Place of Accident, Incident or Transaction: 4600 City Line, Philadelphia, PA 19131

Does this case involve multi district litigation possibilities?  □ Yes  ☒ No

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  □ Yes  ☒ No

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  □ Yes  ☒ No

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  □ Yes  ☒ No

CIVIL: (Place √ in ONE CATEGORY ONLY)

| | | | | |
|---|---|---|---|---|
| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases:* |
| 1. | □ Indemnity Contract, Marine Contract, and all other Contracts | | 1. | □ Insurance Contract and Other Contracts |
| 2. | □ FELA | | 2. | □ Airplane Personal Injury |
| 3. | □ Jones Act-Personal Injury | | 3. | □ Assault, Defamation |
| 4. | □ Antitrust | | 4. | □ Marine Personal Injury |
| 5. | □ Patent | | 5. | □ Motor Vehicle Personal Injury |
| 6. | □ Labor-Management Relations | | 6. | ☒□ Other Personal Injury (please specify) |
| 7. | □ Civil Rights | | 7. | □ Products Liability |
| 8. | □ Habeas Corpus | | 8. | □ Products Liability - Asbestos |
| 9. | □ Securities Act(s) Cases | | 9. | □ All Other Diversity Cases |
| 10. | □ Social Security Review Cases | | | |
| 11. | □ All other Federal Question Cases (please specify) | | | |

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, Esquire, counsel of record do hereby certify:

□  Pursuant to Local Civil Rule 53.2 Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and costs;

□  Relief other than monetary damages is sought.

Date: _____  _____  _____
 Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

Date: 12.18.17  _____ (Attorney-at-Law)  55976
   Attorney-at-Law   Attorney I.D.#

CIV 609 (5/2012)

DEC 18 2017

$400

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

FILED

DEC 18 2017

KATE BARKMAN, Clerk
By___K___Dep. Clerk

| | |
|---|---|
| ANNMARIE WATSON | |
| V. | CIVIL ACTION NO. |
| BOSTON MARKET CORPORATION | |

**NOTICE OF REMOVAL**

TO THE HONORABLE, THE JUDGES OF SAID COURT:

The Petitioner, Boston Market Corporation, by and through their attorney, respectfully states to this Court:

1.  This action was commenced by the filing of a Civil Action - Complaint on September 5, 2017, under the September Term, 2017, No. 00226 and is now pending in the Court of Common Pleas of Philadelphia, Pennsylvania in which the above-named plaintiff, Annmarie Watson, and the Petitioner, Boston Market Corporation, are parties. *(A true and correct copy of said Civil Action - Complaint is attached hereto and marked as Exhibit "A")*.

2.  In her Civil Action - Complaint, Plaintiff demands judgment in her favor in an amount in excess of $50,000.00, but not in excess of $75,000.00.

3.  Petitioner filed an Answer to Plaintiff's Complaint on November 20, 2017. *(A true and correct copy of said Answer to the Complaint is attached hereto and marked as Exhibit "B")*.

4.  On December 6, 2017, Plaintiff filed a Case Management Memorandum listing her demand for the first time as $150,000.00. *(A true and correct copy of said Case Management Memorandum is attached hereto and marked as Exhibit "C")*.

5.  Thus, this action is a suit of a civil nature in that the amount involved, exclusive of interest

and costs, is believed to exceed the sum of $75,000.00.

6.     Petitioner avers that the diversity of citizenship exists between the parties in this case as follows:

(a)     Plaintiff, Annmarie Watson, is an individual residing at 19 Leighton Terrace, Upper Darby, Pennsylvania 19082.

(b)     Petitioner, Boston Market Corporation, is now, and was at the time of the commencement of this action, a Delaware Corporation with its principal place of business located at 14013 Denver West Parkway, Golden, Colorado 80401, and by virtue of said incorporation was not and is not a citizen or resident of the Commonwealth of Pennsylvania.

7.     Pursuant to 28 U.S.C. §1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

8.     A written notice of the filing of this Notice of Removal will be given to all adverse parties as required by 28 U.S.C. §1446(d).

9.     A true and correct copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

10.     Pursuant to 28 U.S.C. §1446(d), there is filed herewith and by reference made a part hereof, a true and correct copy of all process, pleadings, and orders served upon the Petitioner in this action.

2

WHEREFORE, Petitioner prays that it may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

NAULTY, SCARICAMAZZA & McDEVITT, LLC

BY:_____

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant
Boston Market Corporation
Identification number: 55976
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA 19103
(215) 568-5116

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNMARIE WATSON | |
| V. | |
| BOSTON MARKET CORPORATION | CIVIL ACTION NO. |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PETITION FOR REMOVAL**

### I.   STATEMENT OF FACTS

On September 5, 2017, Plaintiff instituted this action in the Court of Common Pleas of Philadelphia County, Pennsylvania by filing a Civil Action - Complaint.  The Complaint was served on Petitioner on September 15, 2017. Petitioner filed an Answer to the Complaint on November 20, 2017.

Plaintiff, Annmarie Watson, is seeking recovery for damages arising out of an incident that occurred on or about July 1, 2017, where Plaintiff allegedly sustained injuries while on the premises located at 4600 City Line, Philadelphia, Pennsylvania 19131. In her Civil Action - Complaint, Plaintiff demands judgment in her favor in an amount in excess of $50,000.00, but not in excess of $75,000.00. On December 6, 2017, Plaintiff filed a Case Management Memorandum listing her demand for the first time as $150,000.00.

Plaintiff, Annmarie Watson, is an individual residing at 19 Leighton Terrace, Upper Darby, Pennsylvania 19082. Petitioner, Boston Market Corporation, is now, and was at the time of the commencement of this action, a Delaware Corporation with its principal place of business located at 14013 Denver West Parkway, Golden, Colorado 80401.

## II.   **ARGUMENT**

This action is removable to the United States District Court for the Eastern District of Pennsylvania under the provisions of Title 28 of the United States Code § 1441(a), which states as follows:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where such action is pending."

Pursuant to Title 28 of the United States Code § 1332, the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. 28 USCS § 1332.

The damages claimed in the Plaintiff's Case Management Memorandum are in excess of the minimal jurisdictional limitations of this Court. Complete diversity of jurisdiction also exists inasmuch as Plaintiff is a citizen of the Commonwealth of Pennsylvania, and Petitioner, Boston Market Corporation, is a Delaware Corporation with its principal place of business located in Golden, Colorado.

This Notice of Removal has been filed within the thirty (30) day period prescribed by 28 U.S.C. §1446(b)(3). Finally, pursuant to 28.U.S.C. §1446(d), Petitioner, Boston Market Corporation, will give prompt and written notice of this Notice of Removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County.

Proper jurisdiction lies with this Court and the proper steps have been taken by Defendant, Boston Market Corporation, to remove this case from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.  Therefore, the Notice of Removal should be granted and the case docketed with this Court.

Respectfully submitted:

NAULTY, SCARICAMAZZA & McDEVITT, LLC

BY: _____
     JOSEPH A. BREYMEIER, ESQUIRE
     Attorney for Defendant,
     Boston Market Corporation
     Identification number:  55976
     1617 John F. Kennedy Boulevard
     750 One Penn Center
     Philadelphia, PA  19103
     (215) 568-5116

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNMARIE WATSON

V.

BOSTON MARKET CORPORATION

CIVIL ACTION NO.

FILED

DEC 1 8 2017

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## CERTIFICATION OF SERVICE

I, JOSEPH A. BREYMEIER, Esquire, hereby certify that on December 18, 2017, a true and correct

copy of the Notice of Removal was served by United States Mail, First Class, postage prepaid addressed

as follows:

Marc I. Simon, Esquire
SIMON & SIMON, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

NAULTY, SCARICAMAZZA & McDEVITT, LLC

BY: _____

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
Boston Market Corporation
Identification number: 55976
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA 19103
(215) 568-5116

4

NAULTY, SCARICAMAZZA & McDEVITT, LLC
BY: JOSEPH A. BREYMEIER, Esquire
Identification Number: 55976
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA 19103
(215) 568-5116

ATTORNEY FOR DEFENDANT,
Boston Market Corporation

ANNMARIE WATSON

    V.

BOSTON MARKET CORPORATION

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

SEPTEMBER TERM, 2017

NO. 00226

JURY TRIAL DEMANDED

**NOTICE OF REMOVAL**

TO THE PROTHONOTARY:

    Defendant, Boston Market Corporation, files herewith this certified copy of Notice of Removal

filed in the United States District Court for the Eastern District of Pennsylvania on December 18, 2017.

                NAULTY, SCARICAMAZZA & McDEVITT, LLC

                BY: _____

                    JOSEPH A. BREYMEIER, ESQUIRE
                    Attorney for Defendant,
                    Boston Market Corporation

DATED: __12/18/17__

# EXHIBIT "A"

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

**SIMON & SIMON, P.C.**
BY:   Marc I. Simon, Esquire
      Joshua A. Rosen, Esquire
      Matthew J. Zamites, Esquire
      Brian F. George, Esquire
      Andrew Baron, Esquire
      Raymond Tarnowski, Esquire
      Grady Lowman, Esquire
      Ashley Oakey, Esquire
      Jason Whalley, Esquire
      Joshua Baer, Esquire
      Michael K. Simon, Esquire
      Sam Reznik, Esquire
      Bryan Arner, Esquire

Mary G. McCarthy, Esquire
William Rhoades, Esquire
Michael Schlagnhaufer, Esquire
Alexander C. Hyder, Esquire
Erik Newman, Esquire
Daria Koscielniak, Esquire
Harry Gosnear, Esquire
Jessalyn Gillum, Esquire
Fabianna Pergolizzi, Esquire
Ashley Keefer, Esquire
Katie Walsh, Esquire
Daniel Ward, Esquire

Filed and Attested by the
Office of Judicial Records
... 2017 ...

Attorney ID No.'s:
*201798*

1515 Market Street, 16th Floor
Philadelphia, PA  19102
(215-400-2251)

*Attorneys for Plaintiff*

| | |
|---|---|
| Annmarie Watson<br>19 Leighton Terrace<br>Upper Darby, PA 19082 | COURT OF COMMON PLEAS |
| : | PHILADELPHIA COUNTY |
| : | Septmeber Term, 2017 |
|         Plaintiff : | No. |
| v. : | |
| Boston Market Corporation<br>4600 City Line Avenue<br>Philadelphia, PA 1913 : | |
|         Defendants : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

### ASOCIACIÓN DE LICENCIADOS DE FILADELFIA
### SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Telefono: (215) 238-1701**

Case ID: 170900226

## COMPLAINT

1. Plaintiff, Annmarie Watson, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, Boston Market Corporation, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at Boston Market, 4600 City Line, Philadelphia, PA 19131.

3. Defendants named in paragraphs 2 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

4. (Upon information and belief, Defendant regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.)

5. At all relevant times, Defendants were acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at Boston Market, 4600 City Line, Philadelphia, PA 19131, referred to hereinafter as "the premises."

6. On or about July 1st, 2017, at approximately 4:15PM Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

7. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

8. On or about July 1st, 2017,, at approximately 4:15PM while on Defendants' premises, Plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries on account of which this action is brought.

Case ID: 170900226

9.   At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

10.  The negligence of Defendants consisted of, <u>inter alia,</u> the following:

    a.  Failure to remove the liquid substance from the floors;

    b.  Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

    c.  Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    d.  Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

    e.  Failure to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

    f.  Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    g.  Failure to provide adequate safeguards to prevent the injury to Plaintiff;

Case ID: 170900226

    h.  Failure to exercise the proper care, custody and control over the aforesaid premises.

11. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

12. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

13. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

14. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

15. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

    WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, but not in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

Case ID: 170900226

SIMON & SIMON, PC

/s
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

## VERIFICATION

I, Marc I. Simon, hereby state that I am the attorney for Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Marc I. Simon

Case ID: 170900226

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Case ID: 170900226

# EXHIBIT "B"

Filed and Attested by the
Office of Judicial Records
             FILED
You *** required to plead
to the enclosed within twenty (20)
days of service thereof or a default
judgment may be entered.

*Joseph A. Breymeier*

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for *defendant*

NAULTY, SCARICAMAZZA & McDEVITT, LLC.
BY: JOSEPH A. BREYMEIER, ESQUIRE
Identification Number: 55976
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA 19103
(215) 568-5116

ATTORNEY FOR DEFENDANT
Boston Market Corporation

| | |
|---|---|
| ANNMARIE WATSON | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| vs | |
| | SEPTEMBER TERM, 2017 |
| BOSTON MARKET CORPORATION | |
| | NO. 00226 |

## DEFENDANT, BOSTON MARKET CORPORATION'S
## ANSWER TO PLAINTIFF'S COMPLAINT WITH NEW MATTER

1.      Denied. After reasonable investigation, answering defendant is unable to ascertain the truth or falsity of averments contained in this paragraph. Strict proof thereof is demanded at time of trial.

2.      Admitted in part. Denied in part. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant admits only that it is a corporation with a principal place of business located in Golden, Colorado. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

3.      Admitted in part. Denied in part. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil

Procedure. However, and to the extent that an answer may be required, answering defendant admits only that it is a corporation with a principal place of business located in Golden, Colorado. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

4.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

5.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

6.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

7.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

8.    Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies that on or about July 1, 2017, at approximately 4:15 p.m., while on defendant's premises, plaintiff was caused to slip and fall on a substance that was on the floor, causing serious and permanent personal injuries as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is

-- 2 --

demanded at time of trial.

9.    Denied.  The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  However, and to the extent that an answer may be required, answering defendant specifically denies that at all times relevant hereto, it acted individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees and/or was negligently and/or carelessly allowed and/or permitted dangerous and unsafe conditions to exist as set forth in plaintiff's Complaint.  The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity.  Strict proof thereof is demanded at time of trial.

10.    Denied.  The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure.  However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent as set forth in plaintiff's Complaint.  Answering defendant further specifically denies it:

       a.    Failed to remove the liquid substance from the floors;

       b.    Failed to regard the rights, safety and position of the plaintiff in and about the area of the aforementioned accident;

       c.    Failed to request and supervise periodic inspections of the premises in and around the area where plaintiff fell by defendant's employees and/or agents;

       d.    Failed to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

       e.    Failed to comply with Philadelphia County and Commonwealth of Pennsylvania building codes, county and city laws, ordinances and regulations pertaining to the design, construction and maintenance of the aforementioned premises;

       f.    Failed to provide sufficient warning to the plaintiff as to the existence of the

-- 3 --

reasonably foreseeable defective, dangerous and unsafe conditions giving rise to the instant action;

g. Failed to provide adequate safeguards to prevent the injury to plaintiff; and

h. Failed to exercise the proper care, custody and control over the aforesaid premises.

The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

11. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or careless as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

12. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or careless as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

13. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or careless as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

14. Denied. The averments contained in this paragraph constitute conclusions of law to which

-- 4 --

no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or careless as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

   15. Denied. The averments contained in this paragraph constitute conclusions of law to which no responsive pleading is required pursuant to the Pennsylvania Rules of Civil Procedure. However, and to the extent that an answer may be required, answering defendant specifically denies it was negligent and/or careless as set forth in plaintiff's Complaint. The remaining averments contained in this paragraph are similarly denied as answering defendant, after reasonable investigation, is unable to ascertain their truth or falsity. Strict proof thereof is demanded at time of trial.

   WHEREFORE, Defendant, Boston Market Corporation, demands that plaintiff's Complaint be denied and dismissed and that Judgment be entered in favor of defendant, Boston Market Corporation, together with costs and attorney's fees.

**NEW MATTER**

   16. Plaintiff assumed the risk of the damages allegedly sustained as set forth in Plaintiff's Complaint.

   17. Plaintiff's claim is barred by the Doctrine of Comparative Negligence.

   18. Plaintiffs claims are time-barred by the applicable Statute of Limitations.

   19. Plaintiff's claims are barred by the Doctrine of Estoppel and Laches.

   20. The occurrence referred to in Plaintiff's Complaint was due to the negligence, carelessness and/or recklessness of other persons or entities, including their agents, servants, and/or employees, who are not parties to the herein suit.

   21. The damages allegedly sustained by the Plaintiff are not proximately caused by the answering defendant.

   22. The sole or proximate cause of any injuries allegedly suffered by the plaintiff, was her failure to properly and adequately apprise herself of the circumstances and environment surrounding her.

-- 5 --

23.     Plaintiff has failed to mitigate her damages.

24.     Plaintiff's claim is barred by the provisions of the Pennsylvania Worker's Compensation Act and its amendments.

25.     Answering defendant hereby gives notice that it intends to rely on other and further defenses that become apparent or become available through the discovery process and hereby reserve the right to assert its defense at a later time.

26.     Plaintiff has capped her damages to $75,000.00 as set forth in their Addendum Clause.

WHEREFORE, Defendant, Boston Market Corporation, demands that plaintiff's Complaint be denied and dismissed and that Judgment be entered in favor of defendant, Boston Market Corporation, together with costs and attorney's fees.

NAULTY, SCARICAMAZZA & McDEVITT, LLC.

BY: _____
JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
Boston Market Corporation

-- 6 --

Case ID: 170900226

NAULTY, SCARICAMAZZA & McDEVITT, LLC.
BY: JOSEPH A. BREYMEIER, ESQUIRE
Identification Number: 55976
1617 John F. Kennedy Boulevard
750 One Penn Center
Philadelphia, PA  19103
(215) 568-5116

ATTORNEY FOR DEFENDANT
Boston Market Corporation

| | |
|---|---|
| ANNMARIE WATSON | COURT OF COMMON PLEAS PHILADELPHIA COUNTY |
| vs | SEPTEMBER TERM, 2017 |
| BOSTON MARKET CORPORATION | NO. 00226 |

### CERTIFICATE OF SERVICE

I, JOSEPH A. BREYMEIER, ESQUIRE, hereby certify that on November 20, 2017 the foregoing *Answer with New Matter* was filed electronically and is available for viewing and downloading from the Court's ECF System.

NAULTY, SCARICAMAZZA & McDEVITT, LLC

BY:

JOSEPH A. BREYMEIER, ESQUIRE
Attorney for Defendant,
Boston Market Corporation

Case ID: 170900226

## VERIFICATION

I, JOSEPH A. BREYMEIER, ESQUIRE,  hereby verify that I am the attorney for the Defendant herein and that the facts set forth in the foregoing *Answer with New Matter* are true and correct to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

JOSEPH A. BREYMEIER, ESQUIRE

EXHIBIT "C"

**FILED**
06 DEC 2017 02:07 pm
**Civil Administration**
M. STIPA

**SIMON & SIMON, P.C.**
*Marc I. Simon, Esquire*                                   Attorney for Plaintiff(s)
Attorney I.D. No. 201798
1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215) 467-4666
(267) 639-9006- Fax

| | | |
|---|---|---|
| Annmarie Watson | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff(s), | : | |
| | : | |
| v. | : | No. 170900226 |
| | : | |
| Boston Market Corporation | : | |
| | : | |
| Defendant(s). | : | |

### Case Management Conference Memorandum

Filing party:  Annmarie Watson                          By: **Marc Simon, Esquire**

Counsel's address and telephone number: Simon & Simon, PC, 1515 Market Street. Suite 1910 Philadelphia, PA 19102, 215-400-2251

### Part A
### *(to be completed in personal injury cases)*

1.   Date of accident or occurrence:  07/01/2017

    1(a).  Age of Plaintiff(s): 44       DOB: 03/10/1973

2.   Most serious injuries sustained:
MRI – 08/16/2017, Open MRI, Dr. Joel Swartz, M.D.
        -Disc herniations at L1-L2 and L2-L3
        -Disc protrusions at L3-L4 and L5-S1
        -Traumatically induced disc bulge at L4-L5

EMG – 10/09/2017, Advantage Medical and Rehabilitation, Dr. Michele Y. Holding, M.D.
        -Lumbosacral radiculopathy involving the L5-S1 nerve roots

3.   Is there any permanent injury claimed?        ☒ Yes         ☐ No

4.   Dates of medical treatment: 07/01/2017 ongoing through December 2017

5.   Is medical treatment continuing?        ☒ Yes         ☐ No

6.   Has there been an inpatient hospitalization?    ☐ Yes     ☒ No

7.   Has there been any surgery?        ☐ Yes         ☒ No

    If yes, indicate the type of surgery:

8.  Approximate medical bills to date:         $13,650.00 and continuing

    Approximate medical bills recoverable in this case: $13,650.00

9.  Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?   Unknown

10. Time lost from work: No

11. Approximate past lost wages: No

12. Is there a claim for future lost earning capacity?        ☐ Yes          ☒ No

    If yes, approximate future lost earning capacity:

13. Are there any related cases or claims pending?           ☐ Yes          ☒ No

    If so, list caption(s) or other appropriate identifier:

14. Do you anticipate joining additional parties?            ☐ Yes          ☒ No

15. Plaintiff's factual position as to liability:  While walking on Defendants premises, Plaintiff Annamarie

    Watson was caused to slip and fall due to water on the ground, causing serious and permanent injury.

16. Defense factual position as to liability:   See Defendant's Memorandum

17. Defense position as to causation of injuries alleged: See Defendant's Memorandum

18. Identify all applicable insurance coverage:

    | *Defendant* | *Insurance Carrier* | *Coverage Limits* |
    | --- | --- | --- |

    Are there any issues as to the applicability
    of the above insurance coverage:                    ☐ Yes          ☐ No

19. Demand:   $____150,000.00_____        Offer:  $____None_____

## Case Management Conference Checklist

Service                          Y_____  N_____          Which Defendants?_____


Answer                           Y_____  N_____          Which defendants? _____


RFA answered                     Y_____  N_____          Which defendants?_____


Correct defendant(s) sued?   Y_____  N_____          If not, who needs to be
joined?_____