# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANNMARIE WATSON, | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| BOSTON MARKET CORPORATION, | NO. 17-5648 |
| Defendant. | |

DuBois, J.                                                                                    March 22, 2019

## MEMORANDUM

### I. INTRODUCTION

This negligence action arises out of a slip and fall that occurred as plaintiff, Annmarie Watson, was exiting the restroom at a Boston Market restaurant on July 1, 2017. Plaintiff alleges that she slipped on water on the floor that had dripped from the ceiling. Presently before the Court is defendant, Boston Market Corporation's, Motion for Summary Judgment. For the reasons that follow, the motion is granted.

### II. BACKGROUND

The undisputed material facts in the record before the Court, taken in the light most favorable to plaintiffs, may be summarized as follows.

Plaintiff and her daughter visited a restaurant owned and operated by Boston Market Corporation, defendant, in Philadelphia, Pennsylvania, on July 1, 2017. Def.'s Mot. Summ. J. 3, ¶¶ 7, 9.[1] While plaintiff's daughter waited in line to order food, plaintiff went to use the restroom. *Id.* at 3, ¶ 9. The restroom had only one stall. Def.'s Mot, Ex. C ("Watson Dep.") 51:3. After using the facilities for ten to fifteen seconds, plaintiff washed and dried her hands. Def.'s Mot. 3, ¶¶ 14–15. At this point, plaintiff had not noticed any food, water, or debris on the floor. *Id.* at 3–4, ¶¶ 14, 16. Walking towards the door to exit the restroom, she took about three

---

[1] Because neither party's brief is paginated, this Court cites to the pagination of the documents as shown on ECF.

steps, slipped on liquid on the floor, and fell. *Id.* at 3–4, ¶¶ 15, 17. Plaintiff remained on the floor, flat on her back, for about four minutes. Watson Dep. 67:18–21, 68:17–19. While on the floor, plaintiff looked up and saw water dripping onto the floor, from the ceiling light. Def.'s Mot. 4, ¶ 18. Plaintiff also saw stains on the ceiling next to the light. *See* Pl.'s Resp. Opp. Def.'s Mot. Summ. J. 3, ¶¶ 41–42; Watson Dep., Ex. 1. As a result of her fall, plaintiff asserts that she suffered "serious and permanent injuries to her lumbar spine." *See id.* at 5.

The restaurant manager, Lisa Lawrence, testified that the restrooms at the Boston Market restaurant at issue are inspected on at least an hourly basis. Def.'s Mot. 5, ¶ 26. More specifically, Lawrence said she inspected the restroom in which plaintiff fell no more than forty-five minutes before learning of plaintiff's fall and saw no liquid on the floor at that time. *Id.* at 5, ¶ 30. She also testified that she did not recall any time in which there was water dripping from the ceiling. *Id.* at 5, ¶ 28.

Plaintiff filed the Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, on September 5, 2017, asserting that defendant's negligence caused her injuries. On December 18, 2017, defendant removed the case to the U.S. District Court for the Eastern District of Pennsylvania. This case was arbitrated on January 9, 2019, and the arbitration panel ruled in favor of defendant. On January 16, 2019, plaintiff demanded a trial de novo. On February 8, 2019, defendant filed its motion for summary judgment (Document No. 31). On February 22, 2019, plaintiff filed a response to the motion (Document No. 32), and on March 14, 2019, defendant filed a reply (Document No. 33). The motion is thus ripe for review.

### III. LEGAL STANDARD

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. However, the existence of a mere "scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) (internal citations omitted). The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

## IV. DISCUSSION

Under Pennsylvania law, possessors of a premise "owe a duty to protect invitees from foreseeable harm"; that is, possessors owe a duty when the possessor "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee." *Craig v. Franklin Mills Assocs., L.P.*, 555 F. Supp. 2d 547, 549 (E.D. Pa. 2008) (quoting Restatement (Second) of Torts § 343 (Am. Law. Inst. 1979)). To establish that a possessor knew, or through reasonable care should have known, of the harmful condition, an invitee must prove either that the possessor "had a hand in creating the harmful condition" or "had actual or constructive notice of such condition." *Estate of Swift v. Ne. Hosp.*, 690 A.2d 719, 723 (Pa. Super. Ct. 1997).

The parties agree that plaintiff was an invitee on the defendant's property. Def.'s Mot. 5–6, ¶ 33. Defendant argues that plaintiff has failed to produce any evidence demonstrating that defendant created the harmful condition of the water on the restroom floor or that defendant had actual or constructive notice of such a condition. Def.'s Mot. 16. Plaintiff contends that numerous remaining genuine disputes of material fact preclude the Court from granting defendant's motion for summary judgment. *See* Pl.'s Resp. 7. In particular, the parties disagree about whether water was on the floor and if so, the source of the water and how long it was there. *See id.* Plaintiff maintains that the water dripped onto the floor from the ceiling. Watson Dep. 69:3–10, 77:1–3. Defendant argues that if water was dripping from the ceiling, plaintiff would have noticed it while she was using the restroom, and she did not. Def.'s Mot. 17. Defendant further avers that customers who "merely shake their hands after washing them [could cause] . . . drips of water on the floor." *Id.* at 12. Plaintiff argues that these differing views, and the differences between her testimony and Lawrence's testimony, are sufficient to create a genuine dispute of material fact. *See* Pl.'s Resp. 7. The Court disagrees. Examining the evidence in the light most favorable to plaintiff, the Court concludes that plaintiff has failed to adduce sufficient evidence to render defendant liable.

First, plaintiff has failed to adduce evidence demonstrating defendant had a "hand in creating the harmful condition." *See Estate of Swift*, 690 A.2d at 723. Plaintiff has presented no evidence of any action or inaction by defendant that caused water to be on the floor. Instead, plaintiff merely asserts, without explanation, that the ceiling was dripping. Pl.'s Resp. 6–7. Moreover, plaintiff does not argue that defendant created the harmful condition—plaintiff only argues defendant had actual or constructive notice of the condition. *See id.* at 7.

Second, plaintiff has not presented any evidence that defendant had actual notice of the water. "Actual notice is 'notice given directly to, or received personally by, a party.' In other words, the plaintiff must demonstrate that the defendant knew of the dangerous condition and not merely that the defendant should have known of the condition." *Torres v. Control Bldg. Servs.*, No. 09-0178, 2010 WL 571789, at *2 (E.D. Pa. Feb. 16, 2010) (quoting Black's Law Dictionary 1090 (8th ed. 2004)). There is no evidence that defendant knew of the water on the floor, nor is there evidence that the ceiling was leaking or leaked on any previous occasion. *See* Def.'s Mot. 4–5, ¶¶ 23–24, 28; Watson Dep. 53:10–18, 77:8–78:6; *cf. Siffel v. Best Buy Co.*, No. 11-3713, 2012 WL 4619346, at *3 (E.D. Pa. Oct. 3, 2012) (finding evidence of actual notice where, inter alia, employees testified they had previously seen and heard customers complain about the harmful condition).

Because plaintiff failed to present evidence that defendant caused the water to be on the floor or that defendant had actual notice of the water, plaintiff must rely on constructive notice to establish defendant's duty of care. Although the existence of constructive notice is "normally a jury question, 'where the evidence adduced requires the jury to resort to conjecture, guess or suspicion, the determination must be made by the Court.'" *Bowman v. Wal-Mart Stores E., LP*, No. 14-3182, 2015 WL 568570, at *5 (E.D. Pa. Feb. 10, 2015) (quoting *Felix v. GMS, Zallie Holdings, Inc.*, 827 F. Supp. 2d 430, 437 (E.D. Pa. 2011)). Courts consider a variety of factors to determine constructive notice, including "the number of persons using the premises, the frequency of such use, the nature of the defect, its location on the premises, its probable cause, and the opportunity which defendant, as a reasonably prudent person, had to remedy it." *Felix*, 827 F. Supp. 2d at 437. One of the most important factors considered by courts in ruling on constructive notice is whether there is evidence that "the floor condition had existed for such a

length of time that the [possessor of land], in the exercise of ordinary care, should have been aware of the condition." *See Canton v. Kmart Corp.*, 470 F. App'x 79, 83 (3d Cir. 2012). Evidence demonstrating that a substance has existed on the floor for some significant period of time includes footprints or tracking through the substance, or the accumulation of dirt and debris in the substance. *See Read v. Sam's Club*, No. 05-00170, 2005 WL 2346112, at *2 (E.D. Pa. Sept. 23, 2005) (granting motion for summary judgment where there was no evidence of water tracks or accumulation of debris). In the absence of such evidence (or evidence of actual notice or creation of the dangerous condition by a defendant), motions for summary judgment must be granted. *See, e.g.*, *Breen v. Millard Grp., Inc.*, No. 13-6926, 2016 WL 6648584, at *8 (E.D. Pa. Nov. 10, 2016); *Slater v. Genuardi's Family Markets*, No. 13-794, 2014 WL 4763336, at *3–4 (E.D. Pa. Sept. 24, 2014) (granting motion for summary judgment where "[t]here is simply no way for this Court or a jury to know whether the dangerous condition appeared five minutes before [plaintiff's] fall or an hour before her fall, yet went unnoticed by . . . employee[s]").

The Court concludes that plaintiff has failed to adduce evidence that defendant had constructive notice. Lawrence, the restaurant manager, testified that she inspected the restroom no more than forty-five minutes before plaintiff's fall and observed no water on the floor. Def.'s Mot. 5, ¶ 30. Plaintiff stated that there were no footprints, track marks, or slip marks on the floor. Watson Dep. 71:24–72:3. With this record, the jury would be left to improperly speculate as to whether the water appeared immediately after Lawrence left the restroom, less than forty-five minutes before the fall, or mere seconds before the fall. *See Read*, 2005 WL 2346112, at *3 (granting motion for summary judgment where "the spill could have happened merely seconds before plaintiff's fall, thereby making it impossible for defendant to have notice as a matter of law"). That is insufficient to raise a jury question on the issue of constructive notice.

Plaintiff argues that the stains on the restroom ceiling reveal that the leak in the ceiling was a recurring condition or was present for sufficiently long to put defendant on constructive notice of the harmful condition. Pl.'s Resp. 3–4, ¶¶ 41–42. However, stains on the ceiling in and of themselves do not establish that defendant should have been aware of a leaking ceiling, or water on the floor, on this occasion. As defendant points out, plaintiff presented no evidence to show that the stains came from a recent leak, as opposed to being remnants from an old ceiling air conditioning unit that defendant replaced six months before plaintiff's fall. Def.'s Reply 1–2, ¶¶ 3–7. Thus, this argument is rejected.

Because plaintiff has failed to present evidence showing that defendant created the harmful condition or had actual or constructive notice of the condition, the Court grants defendant's motion for summary judgment.

## V.    CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is granted. Judgment is entered in favor of defendant and against plaintiff. An appropriate order follows.